Mary Jo O'Neill, AZ Bar No. 005924
Andrea G. Baran, MO Bar No. 46520
Guy David Knoller, AZ Bar No. 002803
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5067
Fax: (602) 640-5009
e-mail: mary.oneill@eeoc.gov
       andrea.baran@eeoc.gov
       guy.knoller@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY TRIAL DEMAND** |
| Gannett Co., Inc., and Gannett Media Technologies International, Inc., | |
| Defendants. | |

## **NATURE OF THE ACTIONS**

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Robin Parker-Garcia ("Parker-Garcia"), who was adversely affected by such practices. The Commission alleges that Defendants Gannett Co., Inc. discriminated against Parker-

Garcia on the basis of her disability by terminating her in violation of Section 102 of the ADA, 42 U.S.C. §12112(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is brought pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), as amended, which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), as amended, which incorporates by reference Section 706(f) (1) of Title VII, 42 U.S.C. § 2000e-5(f) (1).

4. At all relevant times, Defendant Gannett Co., Inc., and Defendant Gannett Media Technologies International, Inc. ("Defendants") have continuously been foreign corporations doing business in the state of Arizona and the county of Maricopa, and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), as amended, which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6. At all relevant times, Defendants have been covered entities under § 101(2) of the ADA, 42 U.S.C. § 12111(2), as amended.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Robin Parker-Garcia filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled .

8. Between January 10 and June 1, 2009, Defendants engaged in the following unlawful employment practices at their Tempe, Arizona facility in violation of Section 102(b) of Title I of the ADA, 42 U.S.C. § 12112(b), as amended, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981, by discriminating against Robin Parker-Garcia because of her disability by her terminating her, including but not limited to the following:

   a. Parker-Garcia began working for Defendants in or around November 2006 and she performed her job satisfactorily.

   b. Parker-Garcia suffers from mental and physical impairments, including bipolar disorder, depression, anxiety disorder, and lupus.  These impairments substantially limit Parker-Garcia in one or more major life

activities, including but not limited to interacting with others, concentrating, thinking, reading, communicating, and caring for herself.

c. In December 2008 and January 2009, Parker-Garcia became unable to work due to her disability. Parker-Garcia was experiencing symptoms such as paranoia, psychosis, and an inability to interact with others as a result of her disability.

d. Parker-Garcia was placed on a medical leave of absence on January 10, 2009.

e. After controlling her disability with medication, Parker-Garcia returned to work on or about June 1, 2009, and was immediately terminated by Defendants because of her disability.

f. Defendants were aware of Parker-Garcia's disability in several ways, including through the medical leave of absence process and by being told by a friend of Parker-Garcia.

g. On or about June 1, 2009, when Parker-Garcia returned to work from her medical leave of absence, Defendants informed Parker-Garcia that she was terminated effective immediately.

h. Defendants told Parker-Garcia that they were firing her because she "traumatized" her managers and coworkers by her conduct during her medical leave of absence.

  i. During the first few weeks of her medical leave of absence, when she was experiencing symptoms such as paranoia, psychosis, and an inability to interact with others related to her disability, Parker-Garcia had some unusual communications with some of her managers.

  j. Parker-Garcia's unusual behavior during her medical leave of absence was a direct result and consequence of her mental and physical impairments, including bipolar disorder, depression, anxiety disorder, and lupus.

  k. Defendants terminated Parker-Garcia because of her disability when it terminated her for conduct related to her disability.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Parker-Garcia of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or reckless indifference to the federally-protected rights of Parker-Garcia.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from

engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

      B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

      C.      Order Defendants to make whole Ms. Parker-Garcia by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Ms. Parker-Garcia or, in the alternative, frontpay.

      D.      Order Defendants to make whole Ms. Parker-Garcia by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

      E.      Order Defendants to make whole Ms. Parker-Garcia by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Ms. Parker-Garcia punitive damages for its malicious and/or reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as this Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 6th day of April, 2011.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC  20507 0004

*/s/ Mary Jo O'Neill*
MARY JO O'NEILL
Regional Attorney

*/s/Andrea G. Baran*
ANDREA G. BARAN
Supervisory Trial Attorney

        */s/ Guy David Knoller*
        GUY DAVID KNOLLER
        Trial Attorney

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        3300 N. Central Avenue, Suite 690
        Phoenix, Arizona  85012
        Attorneys for Plaintiff