Mary Jo O'Neill, AZ Bar No. 005924
Andrea G. Baran, MO Bar No. 46520
Richard I. Sexton, PA Bar No. 202584
Hillary K. Valderrama, TX Bar No. 24075201
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012
Telephone:  (602) 640-5067
Fax: (602) 640-5009
E-mail: mary.oneill@eeoc.gov
         andrea.baran@eeoc.gov
         richard.sexton@eeoc.gov
         hillary.valderrama@eeoc.gov

Attorneys for Plaintiff


STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile:  (602) 257-5299
Court E-Mail: phcourtnotices@steptoe.com

Stephanie J. Quincy (014009)
Lindsay J. Taylor (026382)

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Case No. 2:11-cv-00675-JAT |
| Plaintiff, | **CONSENT DECREE** |
| vs. | |
| Gannett Co., Inc., and Gannett Media Technologies International, Inc., | |
| Defendants. | |

The Court hereby adopts the Parties' Consent Decree as amended herein:

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") filed this action on April 6, 2011, against Gannett Co., Inc. and Gannett Media Technologies International, Inc. (hereinafter referred to as "Defendants") to enforce Title I of the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, and Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"). The Commission alleged that Defendants discriminated against Robin Parker Garcia ("Parker-Garcia") because of her disability by terminating her in violation of Section 102 of the ADA, 42 U.S.C. §12112(a). Defendants deny these allegations. The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

**It is hereby ORDERED, ADJUDGED, and DECREED**:

1. This decree resolves all claims of the Commission against Defendants in this lawsuit, including, without limitation lost wages, compensatory and punitive damages, interest, injunctive relief, and costs.

### NON-DISCRIMINATION AGREEMENT

2. Defendants and their officers, agents, management employees, successors, assigns and all persons in active concert or participation with them, agree for the duration of the decree to refrain from discriminating against any employee on the basis of a disability and from retaliating against any employee in violation of the Americans with Disabilities Act.

### MONETARY RELIEF

3. Defendants shall pay the settlement amount of Forty-Nine Thousand Nine Hundred Dollars ($49,900) separately to Ms. Parker-Garcia by check, in accordance with

Paragraph Four of this Decree. This payment represents settlement of back pay in the amount of $10,000.00 and compensatory damages in the amount of $39,900.00 and shall be distributed to Ms. Parker-Garcia within ten (10) calendar days of the entry of this decree by the Court. Defendants shall also pay One Hundred Dollars ($100) to Dohrer & Watts, P.L.C. for Robin Parker-Garcia. Defendants shall pay all payroll taxes it owes on the $10,000.00 in back wages for the tax year during which payment is made. Defendants will be responsible for paying the employer's share of FUTA and FICA taxes and the amount shall not be taken from the settlement amount. Defendants shall make no deductions from the amount set forth as compensatory damages. By January 31, 2013, Defendants shall issue a United States Internal Revenue Service 1099 form for the payment of $39,900.00 in compensatory damages and a W-2 for the back wages.

4. The check provided for in Paragraph Three of this Decree shall be mailed directly by Defendants to Ms. Parker-Garcia at an address separately supplied by the Commission. Within three business days of issuance of the check, Defendants shall furnish a copy of the check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, at 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

5. Defendants will not condition the receipt of monetary relief on Ms. Parker-Garcia's agreement to: (a) maintain as confidential the facts and/or allegations underlying the charge and complaint, information from any documents filed and/or exchanged in this matter, information obtained during discovery, and the terms of this Decree or any other final terms of settlement; (b) waive her statutory right to file prospectively a charge with any governmental agency; (c) agree to a non-disparagement and/or confidentiality agreement, or (d) waive her right to reapply for a position with Defendants.

6. Defendants will remove from the personnel file of Ms. Parker-Garcia: (a) all references to the charge of discrimination filed against Defendants that formed the basis of this action; (b) all references to Ms. Parker-Garcia's participation in this action; and (c) any documents which relate to complaints by Ms. Parker-Garcia or investigation of Ms. Parker-Garcia's complaints of unlawful discrimination on the basis of disability.

7. For the duration of this Decree, when information is requested by a prospective employer of Ms. Parker-Garcia and this request is directed to GMTI's Human Resources Officer (currently Natalie Dennis), GMTI shall provide a neutral employment reference and verify Ms. Parker-Garcia's dates of employment and positions held.  No other information will be provided in response to a request for an employment reference received from a prospective employer of Ms. Parker-Garcia.

8. Defendants shall review and revise, if necessary, their written policies concerning disability discrimination to include, at a minimum:

   A. A strong and clear commitment to a workplace free of disability discrimination;

   B. A clear and strong encouragement of persons who believe they have been discriminated against to come forward and report;

   C. A description of the consequences, up to and including termination, which will be imposed upon employees who engage in disability discrimination;

   D. An assurance of non-retaliation for witnesses of disability discrimination and persons who believe they have been discriminated against;

   E. A commitment that disability discrimination by all persons, including managerial employees, vendors, suppliers, third parties, and customers, is prohibited and will not be tolerated;

   F. The identification of specific individuals, with their telephone numbers, to whom employees can report disability discrimination, including a written statement that the employee may report the discrimination to designated persons outside their chain of command;

   G. Procedures by which Defendants will investigate disability discrimination complaints promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendants.

   H. These policies shall be available through Defendants' intranet to each current Arizona, Norfolk, Va., and Ohio employee within sixty (60) days of the entry of the Consent Decree.  These policies shall be distributed to all new employees when hired.

9. For the duration of this Consent Decree, Defendants shall post the notice attached as Exhibit A in a prominent place frequented by its employees at all of Defendants' locations at its GMTI facilities in Arizona, Virginia, and Ohio. The notice shall be the same type, style and size as Exhibit A.

10. Defendants shall provide training on disability discrimination and reasonable accommodations, according to the following terms: All human resources, supervisory, and managerial staff of GMTI at its Arizona, Virginia, and Ohio facilities shall attend a live training session on preventing, identifying, and addressing disability discrimination as well as discussing reasonable accommodations in the workplace. The training sessions discussed in this Paragraph shall be conducted within six (6) months of the entry of this Decree. The training shall include, at a minimum, (1) examples of what may constitute a reasonable accommodation for an employee with a disability, including mental disabilities, and (2) what the requirements are for the interactive process. The training session shall also review and explain Defendants' policies set out in Paragraph Eight (8) of this Decree.

11. The seminar-training sessions discussed in Paragraph 10 shall be no less than sixty (60) minutes, with a period allowed for questions and answers. All persons attending the trainings discussed in Paragraph 10 shall sign a registry of attendance. Defendants shall retain these registries for the duration of the Consent Decree.

12. The Commission, at its discretion, may designate Commission representatives to attend the training sessions discussed in Paragraph 10 above. Defendants shall provide written notice to the Regional Attorney of the EEOC's Phoenix District Office of the time, date, and location of each training scheduled pursuant to Paragraph 10 above at least thirty (30) days before the each training. The EEOC will provide Defendants written notice of its intent to attend the training sessions at least one (1) week prior to the scheduled training.

13. Defendants shall promptly and appropriately respond to all complaints of disability discrimination. Defendants shall take immediate appropriate corrective and remedial action to eradicate disability discrimination.

14. Defendants shall not retain documents related to the complaint of discrimination or the investigation of that complaint in the personnel file of any employee who complained of discrimination.  All disciplinary actions taken against employees for violation of Defendants' anti-discrimination policies will be recorded in the personnel file of the disciplined employee(s).

## REPORTING BY DEFENDANTS AND ACCESS BY EEOC

15. Defendants shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suite 690, Phoenix, Arizona  85012, beginning six (6) months from the date of the entry of this Consent Decree, the following information:

    A.    Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of disability discrimination;

    B.    The name, address, position, and telephone number of any individual who has brought allegations of disability discrimination during the six (6) months preceding the report.  The nature of the complaint, investigatory efforts made by Defendant, conclusions, and the corrective action taken shall be specified;

    C.    Copy of the registry of persons attending the seminar required in Paragraph 11 of this Decree

    D.    Confirmation that the Notice required in Paragraph Nine (9) of this Consent Decree was posted and the locations where it was posted.

    E.    Confirmation that the policies required in Paragraph Eight (8) of this Consent Decree were posted and distributed to each current and new employee;

    F.    A copy of the revised policy required in Paragraph Eight (8) of this Consent Decree.

16. The Commission, upon reasonable written notice, shall have the right to enter and inspect Defendants' premises of GMTI in Arizona, Virginia, and Ohio during the duration of this Decree for the purposes of (a) attending a training session specified above; and (b) reviewing files or postings as necessary to ensure compliance with this Decree.

## COSTS AND DURATION

17. Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

18. The duration of this Decree shall be two (2) years from its entry.  This Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree.  Should the Court determine that Defendants have not complied with this Consent Decree, appropriate relief may be ordered.  This Consent Decree shall expire by its own terms at the end of twenty-four months (24) from entry, without further action by the parties.

19. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

**IT IS ORDERED** granting the Joint Motion for Entry and Approval of Consent Decree (Doc. 92) as set forth herein.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice.  The Clerk of the Court shall enter judgment accordingly.

Dated this 23rd day of January, 2013.

James A. Teilborg
United States District Judge

APPROVED AND CONSENTED TO:

Authorized Representative of Gannett Co., Inc. and GMTI, Defendants:

*/s/*

Name/Position
SR VP / Total Rewards

Attorneys for Defendants:

Stephanie J. Quincy
Lindsay J. Taylor
Steptoe and Johnson
201 E. Washington St. Ste. 1600
Phoenix, AZ 85004

MARY JO O'NEILL
Regional Attorney

ANDREA G. BARAN,
Supervisory Trial Attorney

RICHARD I. SEXTON
HILLARY K. VALDERRAMA
Trial Attorneys

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3300 N. Central Avenue, Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

# EXHIBIT A

## NOTICE TO ALL EMPLOYEES AT GMTI

This Notice is posted pursuant to a Consent Decree entered into between Gannett Co., Inc. and GMTI and the Equal Employment Opportunity Commission ("EEOC").

It is unlawful under federal law, the Americans with Disability Act, and state law to discriminate against a qualified individual with a disability on the basis of that disability, in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment.  It is also unlawful to retaliate against any person because the person protested or reported the discriminatory practices to management or the EEOC.

Gannett and GMTI shall not discriminate against any employee on the basis of a disability and shall not retaliate against any employee for complaining about discrimination.

Gannett and GMTI shall fulfill its duty to provide a reasonable accommodation to disabled employees.

If you believe you have been discriminated against, you have the right to seek assistance from:

Natalie Dennis
Gannett Media Technologies International
312 Elm Street, 20th Floor
Cincinnati, OH 45202
(513) 768-8940
ndennis@gmti.gannett.com


EEOC
3300 North Central Avenue,Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5000
TTY: (602) 640-5072
Website (national): www.eeoc.gov

1  You have the right to file a charge with the EEOC if you believe you are being
2  discriminated against, retaliated against or sexually harassed.
3  <u>No Retaliation Clause</u>.  It is against the law for any action to be taken against you
4  by any supervisory or management official of Gannett for:  (1) opposing disability
5  discrimination or other discriminatory practices made unlawful by federal or state law;
6  (2) filing a charge or assisting or participating in the filing of a charge of discrimination;
7  or (3) assisting or participating in an investigation or proceeding brought under the ADA.
8  Should any such retaliatory actions be taken against you, you should immediately contact
9  the EEOC at the address or telephone number listed above.